IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IVORY GLEN WOFFORD, § | | |
| Petitioner, § | | |
| § | | |
| v. § | Civil Action No. 4:07-CV-283-A | |
| § | | |
| NATHANIEL QUARTERMAN, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Ivory Glen Wofford, #494934, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Bryan, Texas.[1]

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

---

[1] At the time this petition was filed, Wofford was confined in the McConnell unit in Beeville, Texas. Although he has not notified the Court of a change of address, the TDCJ website reflects that Wofford in now confined at the Hamilton unit in Bryan, Texas. *See* TDCJ, Offender Information Detail, *available at* http://www.tdcj.state.tx.us/offender_information.

C. FACTUAL AND PROCEDURAL HISTORY

Wofford is serving a 45-year sentence in TDCJ on his 1988 state court conviction for escape in the 355th Judicial District Court of Hood County, Texas, cause no. 5701. *Ex parte Wofford*, State Habeas Application No. WR-23,959-03 at 24. In September 2001 Wofford was released on parole. *Ex parte Wofford*, State Habeas Application No. WR-23,959-04 at 18-19. In 2004, while on release, Wofford pled guilty and was convicted of burglary of a building in Dallas County, and, as a result, a pre-revocation warrant was issued for his arrest. *Id.* at 20. A revocation hearing was conducted on November 5, 2004, during which Wofford admitted to the new conviction but testified that he pled guilty to the charge but did not commit the offense. *Id.* at 21-25. Based on Wofford's admission, in conjunction with the testimony of his parole officer and documentary exhibits, the hearing officer recommended that Wofford's parole be revoked. *Id.* at 23-25. In accordance with this recommendation, the Texas Board of Pardons and Paroles (the Board) revoked Wofford's parole on November 17, 2004, and forfeited his good time credits. *Id.* at 21. On May 24, 2006, Wofford was denied release to parole for the following reasons:

> 1D. The record indicates that the inmate has repeatedly committed criminal episodes or has a pattern of similar offenses that indicates a predisposition to commit criminal acts when released; or the record indicates that the inmate is a leader or active participate in gang or organized criminal activity; or the record indicates a juvenile or an adult arrest or investigation for felony and misdemeanor offenses.
> 5D. The record indicates unsuccessful periods of supervision on previous probation, parole, or mandatory supervision that resulted in incarceration, including parole-in-absentia revocations.

*Id.* at 17. His next parole review date was set for May 2007. Wofford filed a state habeas application challenging the Board's denial of parole and forfeiture of his good time credits, which was denied without written order on April 18, 2007. *Ex parte Wofford*, State Habeas Application

No. WR-23,959-03, at cover. This federal petition for habeas relief followed.

D. ISSUES

Wofford raises four ground for relief:

(1) He is arbitrarily and capriciously being denied release on parole because the Board has no guidelines to assess the suitability of technical parole violators for release on parole in violation of the Due Process and Equal Protection Clauses of the United States Constitution;

(2) He is arbitrarily and capriciously being denied release on parole by the Board based on his prior criminal history and offenses of conviction in violation of Texas law, the Double Jeopardy, Due Process, and Equal Protection Clauses of the United States Constitution;

(3) He is arbitrarily and capriciously being denied release on parole because of the Board's retroactive application of parole laws and guidelines not in effect when his crimes were committed in violation of the Ex Post Facto, Due Process, and Equal Protection Clauses of the United States Constitution; and

(4) He is arbitrarily and capriciously being denied release on parole by the Board's application of a policy that is in violation of Texas law and his protected liberty interest in violation of the Due Process and Equal Protection Clauses of the United States Constitution.

E. RULE 5 STATEMENT

Quarterman admits that Wofford has sufficiently exhausted his state remedies as to the claims presented and as required by 28 U.S.C. § 2254(b). 28 U.S.C. § 2254(b), (c).

G. DISCUSSION

A habeas corpus applicant under 28 U.S.C. § 2254 must claim violation of a federal constitutional right to be entitled to relief. *See Narvaiz v. Johnson*, 134 F.3d 688, 695 (5th Cir. 1998). There is no constitutional right to conditional release prior to the expiration of a valid sentence. *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). Moreover, in Texas, parole means the discretionary and conditional release of an eligible prisoner. TEX. CODE

CRIM. PROC. ANN. art. 508.001(6) (Vernon 2004). Texas inmates, therefore, have no constitutionally protected right to parole, because the relevant Texas statutes then and now do not create an expectation of release that would implicate due process considerations. *Orellana v. Kyle,* 65 F.3d 29 (5th Cir. 1995); *Allison v. Kyle,* 66 F.3d 71 (5th Cir. 1995). Such release is entirely speculative. *Madison v. Parker,* 104 F.3d 765, 768 (5th Cir. 1997). Because Wofford has no liberty interest in obtaining parole in Texas, he has no claim for violation of due process in the procedural guidelines affecting his suitability for parole, the frequency of parole reviews, or the factors considered by the Board to reach its decision. *Teague v. Quarterman*, 482 F.3d 769, 773 (5th Cir. 2007); *Allison*, 66 F.3d at 73; *Orellana*, 65 F.3d at 32. Further, denial of parole is not an additional punishment nor does it increase his punishment for the underlying offense, and therefore such denial cannot constitute a double jeopardy or ex post facto violation.[2] *See Wallace v. Quarterman*, 516 F.3d 351, 355-56 (5th Cir. 2008); *Orellana*, 65 F.3d at 32; *Cruz v. Texas Parole Div.*, 87 Fed. Appx. 346, 347, 2004 WL 190251, at *1 (5th Cir. Jan. 30, 2004).

Finally, although the absence of a protected liberty interest in release on parole does not preclude an equal protection claim, Wofford has not demonstrated any suspect class of which he is a member, that he was discriminated against based on a suspect classification, or that any alleged differences in parole procedures are not reasonably related to a legitimate penological or government al interest. *See Sandin v. Conner*, 515 U.S. 472, 487 n.11 (1995); *Rublee v. Fleming*, 160 F.3d 213, 217 (5th Cir. 1998). Wofford appears to argue that under the former state provisions, as a matter of equal protection, it was mandatory that TDCJ restore his good time credits in accordance with the "ninety day turn around" rule. (Petition at 8 & insert) Prior to April 1, 1995, pursuant to Senate Bill

---

[2]To the extent Wofford argues that he is somehow being punished twice for his 2004 state jail conviction, the argument is frivolous.

4

1167,³ the Director of TDCJ could, in his or her discretion, restore forfeited good time credits on a revocation that did not involve a new criminal conviction after the prisoner had served at least three months of good behavior. Wofford asserts that Senate Bill 1167 created a liberty interest in the restoration of good time credits, and forfeiture of his good time credits upon revocation of his parole violates his rights equal protection clause. The law in effect at the time the Wofford's offense was committed allowed for discretionary restoration of forfeited time credits under certain circumstances, but did not mandate restoration. Moreover, the so-called "turn around rule" applied only to inmates whose parole was revoked on grounds that did not involve a new criminal conviction. Among other violations, Wofford violated the terms of his parole by committing the new offense of burglary of a building, for which he was convicted on August 19, 2004. Nevertheless, for the reasons stated by Quarterman in his answer, this claim is time-barred under § 2244(d)(1)(D) and should be DISMISSED with prejudice. (Resp't Answer at 9-12)

Wofford also appears to argue that his rights under the equal protection clause are being violated in that the Board has no guidelines to access the suitability of "technical parole violators" for release on parole. The equal protection clause requires that similarly situated persons be treated alike. *Mayabb v. Johnson*, 168 F.3d 863, 870 (5ᵗʰ Cir.1999). When this occurs without adequate

---

³Senate Bill 1167, which was codified as former TEX. REV. CIV. ANN. art. 6181-1, § 4, provided:

> Good conduct time applies only to eligibility for parole or mandatory supervision as provided in Section 15, Article 42.12, Code of Criminal Procedure, 1965, as amended, and shall not otherwise affect the inmate's term. Good conduct time is a privilege and not a right. . . . Upon revocation of parole or mandatory supervision, the inmate loses all good conduct time previously accrued, but upon return to the department may accrue new good conduct time for subsequent time served in the department. The director may, however, restore good conduct time forfeited upon revocations not involving new criminal convictions after an inmate has served a reasonable period of good behavior in the department, to be no less than three months, subject to rules and policies promulgated by the department. . . .

Act of May 25, 1985, 69ᵗʰ Leg., R.S., ch. 835, § 1, 1985 Tex. Gen. Laws 6196, 6196-97.

justification, equal protection may be violated even though the different treatment does not relate to a substantial constitutional right. *Hilliard v. Bd. of Pardons and Paroles,* 759 F.2d 1190, 1193 (5th Cir.1985). Where no suspect classification or fundamental right is implicated, as in this case, a rational basis test is applied to allegations of an equal protection violation. *See Tigner v. Cockrell,* 264 F.3d 521, 526 (5th Cir. 2001). The claimant who alleges an equal protection violation has the burden of proof. *Mayabb*, 168 F.3d at 870. Wofford has not demonstrated that the Board's denial of his release on parole was patently arbitrary or capricious or that its decision bore no rational relationship to legitimate penological and governmental interest in light of his criminal history and unsuccessful previous parole. *See Wottlin v. Fleming*, 136 F.3d 1032, 1036 (5th Cir. 1998). Furthermore, according to the state courts, the Board has developed guidelines on which a parole decision is made, and current guidelines are in effect and guidelines were in effect at the time of Wofford's offense. *Ex parte Wofford*, State Habeas R. at 43-44)

In conclusion, the rejection on the merits by the state courts of Wofford's claims that he was improperly denied release on parole was the product of neither unreasonable interpretations of clearly established federal law nor unreasonable determinations of the facts from the evidence presented to the state courts. Thus, the state courts' determination that Wofford was not entitled to postconviction relief is not in conflict with clearly established federal law or based on an unreasonable determination of the facts in light of the evidence presented in the state court habeas proceeding. *Ex parte Wofford*, State Habeas Application No. WR-23,959-04, at cover & 40-46.

## II. RECOMMENDATION

Wofford's petition should be DENIED, in part, and DISMISSED with prejudice as time-barred, in part.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED
### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file, not merely place in the mail, specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until August 7, 2008. Failure to file specific written objections within the specified time shall bar a de novo determination by the district court of any finding of fact or conclusion of law and shall bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until August 7, 2008, to serve and file, not merely place in the mail, written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby

is returned to the docket of the United States District Judge.

        SIGNED July 17, 2008.

                                          /s/ Charles Bleil
                                       CHARLES BLEIL
                                       UNITED STATES MAGISTRATE JUDGE